634 P.2d 405

Mary Jean SANDOVAL,
Petitioner-Appellee,

v.

·Albert Richard SANDOVAL,
Respondent-Appellant.

No. 1 CA–CIV 4846.

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 24, 1981.

Engler & Engler by Don B. Engler, Yuma, for petitioner-appellee.

Byrne, Bradshaw, Benesch & Thode, P. C. by H. Stewart Bradshaw, Yuma, for respondent-appellant.

## OPINION

RAPP, Judge.

This is an appeal from the March 9, 1979, order of the Superior Court of Yuma County in which appellant challenges the award of a portion of his future military retirement pay to appellee. Based upon the United States Supreme Court's recent decision in *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (June 26, 1981), we are compelled to reverse.

Appellant enlisted in the United States Marine Corps on February 12, 1964. He and appellee were married on December 14, 1968, in Marietta, Georgia. It is not clear from the record where they spent the period from the date of their marriage to July 8, 1970, when they moved to Yuma, Arizona, where appellant was stationed at the local Marine air station.

It is assumed, although, again, it is not clear from the record, that in August of 1973, appellant left Yuma for an overseas assignment in the Philippine Islands. It is not disputed, however, that on October 18, 1976, appellee filed a petition for dissolution of marriage in Yuma County. On December 28, 1976, appellant signed an acceptance of service and waiver of his rights under the Soldiers' and Sailors' Civil Relief Act, 50 App.U.S.C. §§ 501–591. On January 17, 1977, a decree of dissolution was granted with an attached property settlement agreement signed by both of the parties. The property settlement agreement was silent as to any disposition of property interests in appellant's future military retirement pay. On December 28, 1978, appellee filed a petition for modification of the decree requesting additional child support and an allocation to her of an interest in appellant's future military retirement pay. The petition was served along with an order to show cause on appellant in North Carolina where he was then stationed. A hearing was conducted in Yuma County Superior Court at which he testified.

On March 9, 1979, the trial court entered an order awarding appellee a proportionate interest in appellant's future military retirement income. The bases of this ruling by the court were the cases of *Furimsky v. Furimsky*, 122 Ariz. 430, 595 P.2d 662 (1979), and *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977). This was the

controlling law of the State of Arizona at the time of the order.

On June 26, 1981, the Supreme Court of the United States decided *McCarty v. McCarty, supra*. *McCarty* reviewed a decision of the California Court of Appeal affirming an award to a wife of a share of her former husband's military retirement pay, based on California community property law concepts. The Supreme Court, in reversing the California appellate court, found that California's application of community property concepts to military retirement pay conflicts with the federal laws that created the military retirement system. *See* 10 U.S.C. ch. 367, § 3911 *et seq.* (1976 ed. and Supp. III) (Army); ch. 571, § 6321 *et seq.* (1976 ed. and Supp. III) (Navy & Marine Corps); ch. 867, § 8911 *et seq.* (Air Force). The Court also found that the consequences of the community property interest injured the objectives of the federal program to such an extent that the community property interest could not be recognized. *See Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). Thus, the Court held that there are no community property rights in military retirement benefits. The Court noted that if the non-military spouse is to have an interest in the retirement income, it is for Congress alone to specifically grant.

Therefore, *McCarty, supra*, has effectively overruled the holdings of our supreme court in *Furimsky* and *Van Loan, supra*, and that portion of the order of the trial court regarding retirement benefits must be reversed.

It should be noted that the trial court in its order from which this appeal was taken also modified the amount of child support originally ordered. The propriety of that order was also raised on appeal; however, by stipulation of the parties, this issue has been withdrawn and therefore has not been considered by this court.

The portion of the order of the court awarding appellee an interest in appellant's future military retirement pay is reversed and the cause is remanded to the trial court for entry of an order consistent with this opinion.

OGG, J., concurs.

NOTE: The Honorable Edward C. Rapp was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.

CONTRERAS, Presiding Judge, specially concurring:

By reason of the United states Supreme Court's recent *McCarty* decision in which the majority unequivocally held that there are no community property rights in military retirement benefits, I agree that the order under consideration must be reversed. Unfortunately, *McCarty* does not provide guidelines which the trial bench can apply to the numerous legal issues which will be presented as an aftermath of the *McCarty* decision. We cannot, through this opinion, render an all-encompassing ruling; the resolution of these unsettled questions will of necessity have to proceed on a case-by-case basis before the trial and appellate courts of this state. Hopefully, for the benefit of those directly affected by *McCarty*, judicial resolution will proceed expeditiously.