649 P.2d 291

Cora O. RODRIGUEZ,
Petitioner/Appellant,
v.
Oscar RODRIGUEZ,
Respondent/Appellee.

No. 2 CA–CIV 4245.

Court of Appeals of Arizona,
Division 2.

May 12, 1982.

Rehearing Denied June 17, 1982.

Review Granted July 7, 1982.

Les Gilbertson, Tucson, for petitioner/appellant.

Arthur L. Hirsch, Tucson, for respondent/appellee.

OPINION

HOWARD, Chief Judge.

The issue in this case is whether *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), applies retroactively to a divorce judgment which became final some seven years prior.

Pursuant to Rule 11(d), Arizona Rules of Civil Appellate Procedure, 17A A.R.S., the parties have filed an agreed statement in lieu of a transcript. It discloses that on October 11, 1974, in a contested divorce action, superior court judge Harry Gin signed and entered a judgment which awarded appellant 40 percent of her husband's gross monthly Air Force retirement benefits and a 1962 Chevrolet automobile. He also awarded appellee the balance of the retirement benefits and a 1972 Chevrolet.

On August 10, 1981, appellee requested the trial court, on the basis of *McCarty*, to strike that part of the judgment entered in 1974 which gave appellant a share of his retirement benefits. The trial court did so, concluding that *McCarty*, which held that federal law precludes a state court from dividing military pension pursuant to state community property law, should be given retroactive effect and therefore application to the facts here. We do not agree.

The resolution of this issue rests on the doctrine of res judicata. As was observed in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), "... [T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. [Citations omitted]" 101 S.Ct. at 2427.

This principle of res judicata was recognized in the California case of *In re Marriage of Fellers*, 125 Cal.App.3d 254, 178 Cal.Rptr. 35 (1981), which involved a final judgment entered in 1976 giving the wife a share of the husband's military retirement pension. Three years later the husband filed for an order modifying the judgment to declare his pension rights his sole and separate property. The trial court denied relief and he appealed. *McCarty* was decided when the appeal was pending. The California appellate court, in denying retroactive effect to *McCarty*, stated:

"Federal courts have held in many decisions, both criminal and civil, that a decision should not be applied retroactively where a final judgment has been rendered on the issue. [citations omitted] In California, there appears to be some authority for the proposition that in unusual circumstances, a court may refuse to apply res judicata when to do so would constitute a manifest injustice but our high court has specifically ruled that a judgment will not be denied res judicata effect just because the law on which it was based has since been changed. [citation omitted]

\* \* \* \* \* \*

Public policy requires an end to litigation and even erroneous final judgments must be honored in order to continue the 'well-ordered functioning of the judicial process.' [citations omitted]" 178 Cal.Rptr. at 37.

In the case of *In re Marriage of Sheldon*, 124 Cal.App.3d 371, 177 Cal.Rptr. 380 (1981), the court narrowly applied *McCarty* to a case not final on appeal where the federal preemption issue was argued by the service member-spouse in the trial court and where the issue was raised on appeal, but held that *McCarty* was inapplicable when the property rights in the military pension had been determined by a dissolution judgment which became final before the filing of the United States Supreme Court's opinion. Additionally, in the case of *Erspan v. Badgett*, 659 F.2d 26 (5th Cir. 1981), the court, in discussing the retroactivity of *McCarty*, stated:

" . . . Nothing in *McCarty* suggests that the Supreme Court therein intended to invalidate, or otherwise render unenforceable, prior valid subsisting state court judgments. Absent some indication of such an intent, we decline to do so." 659 F.2d at 28.[1]

 We agree with the California court in *Fellers*. To permit adjudications which have become final to be reopened so as to award military retirement pay to the husband as his separate property would flout the rule of res judicata, and upset settled property distributions on which parties have planned their lives and be devastating, not only from the standpoint of the litigants, but in terms of the workload of the courts. *McCarty* may not be given retroactive application in cases where the issue of the community nature of a military pension was adjudicated and the judgment has become final prior to the date of the *McCarty* decision.

The case of *Sandoval v. Sandoval*, 130 Ariz. 117, 634 P.2d 405 (1981), is not applicable here since *Sandoval* did not involve a judgment which was final but rather involved an appeal from an award granting the wife a share of the military retirement pension benefits. *McCarty* was decided while the *Sandoval* case was on appeal and the Court of Appeals, Division One, in essence, treated the issue the same as the California court did in *Sheldon*.

The order of the trial court is vacated and set aside.

BIRDSALL and HATHAWAY, JJ., concur.

1. We note that neither the California cases nor the Fifth Circuit case had been published at the time that the trial court here rendered its order. See also the recent case of *Wilson v. Wilson*, 667 F.2d 497 (5th Cir. 1982), which relied on *Erspan*, supra.