661 P.2d 185

**In re the Marriage of Mary Jane DE GRYSE, Petitioner-Appellee,**

v.

**Richard V. DE GRYSE, Respondent-Appellant.**

No. 16061.

Supreme Court of Arizona, En Banc.

March 23, 1983.

**336**

Susan O. Friedlander, Scottsdale, for petitioner-appellee.

Charles D. Marshall, Phoenix, for respondent-appellant.

HAYS, Justice.

This is an appeal from an order of the trial court denying a motion for relief from a final order filed by appellant pursuant to rule 60(c), Rules of Civil Procedure, 16 A.R.S.

On March 19, 1981, in a contested divorce action, the superior court entered a decree of divorce which awarded one-third of appellant's U.S. Marine Corps military retirement pay to appellee Mary Jane DeGryse as community property. Appellant did not appeal from the decree of dissolution. On August 6, 1981, appellant made a motion to the superior court to amend or set aside the judgment,[1] requesting that, in view of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the divorce decree be modified. The trial court denied the motion, concluding that McCarty operates prospectively only and that rule 60(c) is not a substitute for a proper appeal. Judgment for appellee was entered on November 20, 1981; appellant timely filed this appeal. We accepted his petition for transfer and have jurisdiction pursuant to A.R.S. § 12–2101(B) and rule 19(a), Rules of Civil Appellate Procedure, 17A A.R.S.

■ An order of the trial court will be sustained on an appeal from the denial of a rule 60(c) motion unless the record on appeal demonstrates a clear abuse of discretion; the only question for this court is whether the trial court properly denied relief under rule 60(c), Rules of Civil Proce-dure. *Andrews v. Andrews,* 126 Ariz. 55, 612 P.2d 511 (App.1980).

Rule 60(c), Rules of Civil Procedure, provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

Appellant contends that the decree of dissolution should be modified under rule 60(c)(5) because the cases upon which the award of military benefits was based have been overruled by *McCarty v. McCarty, supra.* In *McCarty,* the United States Supreme Court held that there are no community property rights in military retirement benefits because the consequences of the community property interest injures the objectives of the federal laws that created the military retirement program. *McCarty* directly overruled *Van Loan v. Van Loan,* 116 Ariz. 272, 569 P.2d 214 (1977), and *Neal v. Neal,* 116 Ariz. 590, 570 P.2d 758 (1977), wherein this court ruled that the portion of military retirement pay attributable to the effort of the community is deemed community property.

Congress very recently passed the "Uniformed Services Former Spouses' Protection Act,"[2] effective February 1, 1983, section 1408(c)(1) of which provides:

---

1. The trial court correctly treated this motion as a motion for relief from judgment pursuant to 16 A.R.S. Rules of Civil Procedure, rule 60(c).

2. 10 U.S.C. § 1408, 96 Stat. 730.

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

Because of this Congressional act, *Van Loan v. Van Loan, supra,* and *Neal v. Neal, supra,* once again govern the question of the division of military retirement benefits upon divorce.

The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of non-disability military retired or retainer pay. The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisable [sic]. Nothing in this provision requires any division; it leaves that issue up to the court applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision.[3]

The basic premise of appellant's claim for relief no longer exists. However, the issue is still before this court whether the trial court abused its discretion in denying appellant's rule 60(c) motion.

■ In *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291, *approved,* 133 Ariz. 87, 649 P.2d 290 (1982), we held that *McCarty* did not alter the res judicata consequences of a divorce decree which was final before *McCarty.* Appellant objected to the division of his military benefits at trial but failed to appeal the final decree. Appellant now asserts the March 19, 1981 decree is not final because he has timely appealed the trial court's denial of his rule 60(c) motion and because he raised the issue at the trial level. In support of this position, appellant cites *Sandoval v. Sandoval,* 130 Ariz. 117, 634 P.2d 405 (App.1981).

*Sandoval v. Sandoval, supra,* is an anomaly which reached the correct result for the wrong reason. Sandoval's decree of dissolution was granted on January 17, 1977 and was silent as to any disposition of property interests in his future military retirement pay. The judgment was final prior to our decisions in *Van Loan, supra,* and *Neal, supra.* The law prior to *Van Loan* provided that military benefits were not community property and *Van Loan* was held not to apply retroactively. *Reed v. Reed,* 124 Ariz. 384, 604 P.2d 648 (App.1979). The trial court, however, granted Mrs. Sandoval's motion to amend even though the judgment was final and ordered that Sandoval's military retirement pay be distributed as community property in accordance with *Van Loan.* Sandoval appealed this order. Pending appeal, *McCarty* was filed. The Court of Appeals then reversed the trial court's order by applying the *McCarty* rule rather than holding that the trial court erred by modifying a judgment which was final prior to the filing of *Van Loan.* The result was that the terms of the original decree of dissolution were controlling. *Sandoval* cannot serve as legal precedent for reopening a final judgment in light of its incorrect legal analysis.

■ In the alternative, appellant contends he is not asking for a retroactive application of the *McCarty* rule, that he requests only a prospective modification of the divorce decree under A.R.S. § 25–327. This section provides that a property dispo-

---

**3.** S.Rep. No. 97–502, 97th Cong., 2nd Sess. 15, *reprinted in* 1982 U.S.Code Cong. & Ad.News 1596, 1611.

sition may not be revoked or modified unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state. The well-established rule is that property settlements are not subject to modification or termination. *States v. States,* 124 Ariz. 189, 190, 603 P.2d 81, 82 (1979). The trial court found no condition to justify the reopening of the judgment in light of the compelling policy interest favoring the finality of property settlements. *Reed v. Reed, supra; Guffey v. LaChance,* 127 Ariz. 140, 618 P.2d 634 (1980); *Rodriguez v. Rodriguez, supra.* It was not a clear abuse of the trial court's discretion to deny appellant's motion for relief under rule 60(c) insofar as it would be a prospective modification of a property settlement.

■ Appellant's next claim is that the judgment is void under rule 60(c)(4) because the trial court lacked subject matter jurisdiction to award one-third of the military benefits to appellee because the benefits were not divisible under *McCarty.* We find no merit to this claim. At the time of trial, the court had jurisdiction to dispose of the benefits as community property under *Van Loan, supra.* The trial court did not abuse its discretion in denying the motion.

■ Appellant asserts he is entitled to relief under rule 60(c)(1) because the division of the military retirement pay as community property was an erroneous ruling. We have already discussed this argument and held that the award was proper under the law applicable at the time the case was tried. This provision of rule 60(c) does not encompass situations, other than void judgments, where a party merely asks the court to reconsider a previous legal ruling. *Welch v. McClure,* 123 Ariz. 161, 165, 598 P.2d 980, 984 (1979).

Appellant's final claim is that rule 60(c)(6) is applicable because the trial court had ample reason to justify relief from the operation of the judgment. The rule governing motions for relief from final judgments is primarily intended to allow relief from judgments that are unjust due to extraordinary circumstances that cannot be remedied by legal review. *Tippit v. Lahr,* 132 Ariz. 406, 409, 646 P.2d 291, 294 (1982). We do not find that the trial court abused its discretion in holding that no reasons exist to justify granting relief from the judgment. The need for finality and stability in marriage and family law is great. Absent express authorization such as the retroactivity clause contained in the "Uniformed Services Former Spouses' Protection Act", *supra,* or a finding of "extraordinary circumstances" as contemplated by rule 60(c)(6), a property settlement cannot be disturbed.

■ Appellee asks for an award of attorney's fees and costs pursuant to A.R.S. § 12–2106 on grounds that the appeal is frivolous. Section 12–2106 provides:

When the supreme court is of the opinion that an appeal has been taken for delay, and that there was not sufficient grounds for taking an appeal, it may include in its judgment an additional amount, not exceeding ten per cent of the judgment appealed from, if the judgment is for the recovery of money, and not exceeding five hundred dollars in other cases, as damages for a frivolous appeal.

We do not find that this appeal was taken for delay nor that appellant lacked sufficient grounds for an appeal. The question of the retroactivity of the *McCarty* decision had not been settled by this court when this appeal was filed. Accordingly, we deny any award of fees or costs.

We affirm the ruling of trial court in favor of appellee.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.