693 P.2d 942

Phillip V. EDSALL, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA; Hon. Norman S. Fenton, a judge thereof, and Ruth E. EDSALL, the real party in interest, Respondents.

No. 2 CA–SA 0032.

Court of Appeals of Arizona, Division 2.

March 28, 1984.

288

Waterfall, Economidis, Caldwell & Hanshaw, P.C. by W. Patrick Traynor, Tucson, for petitioner.

Whitehill, Stolkin, Karp, West, Weiss & Berger, P.C. by Leonard Karp, Tucson, for respondents.

## OPINION

HOWARD, Judge.

Petitioner has brought this special action to challenge the trial court's denial of his motion to dismiss part of a petition for an order to show cause relating to the disposition of military retirement benefits. We believe the trial court exceeded its jurisdiction and, because of the statewide interest in the effect of recent federal legislation, we assume jurisdiction and grant relief.

Petitioner Philip Edsall and respondent Ruth Edsall were married on September 25, 1959. Petitioner had been on active duty in the United States Air Force prior to the marriage, remained in the Air Force during the marriage and is still on active duty. In June 1981 petitioner filed a petition for dissolution of marriage. A separation agreement was entered into by the parties on November 23, 1981, and a decree of dissolution incorporating the separation agreement was entered on December 7, 1981. The dates during which these proceedings occurred are significant because they fall within the period following the decision in *McCarty v. McCarty*, 453 U.S.

210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), decided June 26, 1981, which held that federal law precluded a state court from dividing military retirement pay pursuant to state community property laws, and prior to the February 1, 1983, effective date of the Uniform Services Former Spouses Protection Act, (amending 10 U.S.C., subtitle A, Part II), which legislatively overruled *McCarty*.

At the time the separation agreement was negotiated and executed by petitioner and respondent, *McCarty* precluded the award to respondent of any interest in petitioner's military retirement pay. Paragraph 4c of the Separation Agreement awarded to the wife:

"All benefits incident to or in connection with PHIL'S service in the military which RUTH may hereinafter become entitled to as a result of future or pending legislation by the Congress or any other legislative body, except that RUTH shall not have any right to any portion of PHIL'S military retirement income, the entirety of which PHIL shall receive as his sole and separate property pursuant to the terms of Exhibit B herein."

Included in the Act is 10 U.S.C. § 1408(c)(1) which provides:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

■ There are two reasons why the trial court erred. The respondent wife argues here, and apparently successfully argued below, that the agreement only referred to that portion of the retirement income that was acquired by him as his separate property both before and after the marriage since it referred to "Phil's military retirement income." The agreement negates this argument. Paragraph 5 of Exhibit "B" to the agreement originally awarded to petitioner, "All PHIL'S sole and separate military retirement income," but was sub-

sequently changed to read, "All rights to PHIL'S military retirement income," and the change was initialed by respondent wife. The language shows the parties intended that all of the military retirement income would be petitioner's, regardless of any change in the law.

 The second reason turns on whether the retroactivity provision of the federal legislation will affect those individuals who were divorced during the period between *McCarty* and the effective date of the legislation, February 1, 1983, and whose decrees were final on the effective date. We first note that our supreme court has recognized the need for finality and stability in marriage and family law. *De Gryse v. De Gryse*, 135 Ariz. 335, 661 P.2d 185 (1983). The principles of res judicata would prohibit opening up final divorce judgments. *Villalba v. Villalba*, 131 Ariz. 556, 642 P.2d 901 (1982); *Nesbitt v. Nesbitt*, 1 Ariz.App. 293, 402 P.2d 228 (1965).

California has recently dealt with the retroactivity of the Act in a case where an interlocutory judgment of dissolution was entered July 26, 1982, during the interim period of *McCarty*. The court emphasized that it was allowing the retroactivity of the federal legislation only because the judgment in the case was not final when the federal legislation became effective. *Ankenman v. Ankenman*, 142 Cal.App.3d 833, 191 Cal.Rptr. 292 (App.1983). In *In re Marriage of Hopkins*, 142 Cal.App.3d 350, 191 Cal.Rptr. 70 (App.1983), the California court was faced with the situation wherein the decree was final prior to the *McCarty* decision. There, the court said that while the Act properly applied retroactively to June 25, 1981, the express statement of Congress required that decisions and court orders made before the date of the *McCarty* decision were to be binding upon the parties and subject to the provisions of the Act. The court stated:

> "We hold, therefore, that the Act is retroactive to the date of the issuance of the decision in *McCarty*, that is, June 26, 1981, and is applicable to all cases *not final as of the effective date of the Act,*

*that is February 1, 1983."* 191 Cal. *Rptr. at* 77. (Emphasis added)

In *Rodriguez v. Rodriguez*, 133 Ariz. 88, 649 P.2d 291, approved, 133 Ariz. 87, 649 P.2d 290 (1982), we held that *McCarty* did not alter the res judicata consequences of a divorce decree which was final before *McCarty*. The same reasoning applies here to decrees which were final after *McCarty* and prior to the effective date of the Act. The order of the trial court remanding the case for a new trial is vacated and set aside.

BIRDSALL, C.J., and HATHAWAY, J., concur.