726 P.2d 617

**Marlene R. PERRAS,
Petitioner/Appellee,**

v.

**Albert E. PERRAS,
Respondent/Appellant.**

**No. 2 CA–CIV 5625.**

Court of Appeals of Arizona,
Division 2, Department B.

April 30, 1986.
Review Denied Sept. 30, 1986.

Law Offices of Garven W. Videen by Garven W. Videen, Tucson, for petitioner/appellee.

Waterfall, Economidis, Hanshaw & Villamana, P.C. by Sandra Tedlock, Tucson, for respondent/appellant.

BIRDSALL, Judge.

The marriage of the appellant, Albert E. Perras, and the appellee, Marlene R. Perras, was dissolved by decree on December 19, 1984. The parties, each of them represented by counsel, stipulated in open court to the following provisions for division of part of their community property:

"The Petitioner is awarded as her sole and separate property, the following:
. . .
i. Forty-five (45%) percent of the military and Veteran's Administration disability and retirement pay of Respondent Albert E. Perras, including such increases as he may from time to time receive. The parties having acknowledged that

the present gross military retirement pay of Respondent Albert E. Perras is $1,127.82, which includes the sum of $322.00 per month disability which is deducted from the gross military retirement pay of Respondent Albert E. Perras, but which is payable to the Respondent Albert E. Perras through the Veteran's Administration. The current monthly amount of the retirement pay awarded to Petitioner Marlene R. Perras is forty-five percent (45%) of $1,127.82, which is $507.15 per month, which shall be payable to the Petitioner Marlene R. Perras on or before the first day of each month commencing on the first day of October, 1984, directly from the Air Force Retirement Annuitant Account of Respondent Albert E. Perras. Respondent Albert E. Perras shall assign an allotment from his retired pay entitlement so that the amount awarded Petitioner Marlene R. Perras shall be paid and sent directly to Petitioner Marlene R. Perras from the United States or the agency thereof charged with the disbursing of retired pay. Respondent Albert E. Perras shall sign and execute all documents necessary to effectuate this assignment and that until said assignment is consummated with the United States Government, that this $507.15 will be paid directly by Respondent Albert E. Perras to Petitioner Marlene R. Perras commencing October 1, 1984."

The appellant served with the United States Air Force for 20 years. During 18 of those years (90% of total service) he was married to the appellee. Upon being notified of the provisions of the decree, the Air Force began paying the appellee $336.74 per month, which, instead of being 45% of the appellant's gross retirement, was 50% or less of the net disposable amount to which the appellant was otherwise entitled on a monthly basis.[1] One of the amounts deducted in calculating the disposable income was $322 to which the appellant was entitled each month from the Veterans Administration by reason of a 40% service-related disability. The appellant had elected to have this $322 of his retirement income paid by the Veterans Administration as disability pay apparently because, if paid as disability, the amount would not be subject to federal income tax.

The appellee was informed in May 1985 by letter that the Air Force would pay no more than the $336.74 monthly and that "[a]ny difference between the amount stated in the Decree ... and the amount of the direct payment by the Air Force must be obtained from Chief Perras."

In July 1985 the appellee filed a petition seeking to have the appellant pay, or sign an allotment to have the Air Force pay, the difference between the $336.74 she was receiving from the Air Force and the $507.15 monthly payment agreed on and ordered in the decree. The trial court entered judgment against the appellant for "arrearages" of $814.80. It is from that judgment that this appeal is taken.

The appellant asserts three issues on appeal: 1) that the disability benefits were the appellant's separate property; 2) that the trial court lacked jurisdiction to award the appellant's separate property to the appellee, even pursuant to the parties' agreement; and 3) that the provision of the decree awarding the appellant's "separate property" is void.

We affirm for several reasons.

■ Assuming for purpose of argument that the decree awarded the appellant's separate property to the appellee, the decree was a final appealable judgment. No appeal was taken. The decree is res judicata. *De Gryse v. De Gryse*, 135 Ariz. 335, 661 P.2d 185 (1983); *Tippit v. Lahr*, 132 Ariz. 406, 646 P.2d 291 (App.1982). The trial court had jurisdiction over the parties and the subject matter. Although it may be error for the trial court to enforce the terms of the decree by awarding the separate property of one spouse to the other, as the appellant claims, such error should have been corrected on appeal. The subsequent enforcement order does not make that provision of the decree void. *De Gryse*, supra; *Lahr*, supra.

---

1. We are unable to reconcile this amount exactly with the Air Force Retiree Annuitant Statement in evidence, but the figures are reasonably close.

More importantly, we do not find that the decree awarded any of the appellant's separate property to the appellee. Based on his salary, his Chief Master Sergeant status, and 20 years of service, the appellant in the instant case would have received $1127.82 as retirement pay under 10 U.S.C. § 8914. Although he was declared to be 40% disabled, service-connected, his resulting entitlement to benefits from the Veteran's Administration under Title 38, U.S.C., did not increase that amount. He elected, pursuant to 38 U.S.C. § 3105,[2] to waive his retirement pay to the extent of $322 monthly, the amount he was entitled to for disability benefits. A military veteran's disability benefits are separate property. *Rickman v. Rickman,* 124 Ariz. 507, 605 P.2d 909 (App.1980). See also *Luna v. Luna,* 125 Ariz. 120, 608 P.2d 57 (App.1979) and *In re Marriage of Mastropaolo,* 166 Cal.App.3d 953, 213 Cal. Rptr. 26 (1985), cert. denied, —— U.S. ——, 106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). We hold, however, that community property cannot be transformed into such separate property by an election under 38 U.S.C. § 3105. *Luna,* supra; *Mastropaolo,* supra.

Finally, the provisions in the decree were the result of an agreement. A.R.S. § 25–317(A) and (B) are applicable.[3] We do not agree that the agreement here is not binding because it was not a "written separation agreement," under A.R.S. § 25–317(A). Noncompliance with this requirement is not fatal. An agreement placed on the record in court should be, and is, binding absent other considerations not present here, such as proof of the agreement.

Affirmed.

HOWARD and LACAGNINA, JJ., concur.

---

2. "§ 3105. Waiver of retired pay

Any person who is receiving pay pursuant to any provision of law providing retired or retirement pay to persons in the Armed Forces, or as a commissioned officer of the National Oceanic and Atmospheric Administration or of the Public Health Service, and who would be eligible to receive pension or compensation under the laws administered by the Veterans' Administration if he were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by which such retired or retirement pay is paid of a waiver of so much of his retired or retirement pay as is equal in amount to such pension or compensation. To prevent duplication of payments, the department with which any such waiver is filed shall notify the Veterans' Administration of the receipt of such waiver, the amount waived, and the effective date of the reduction in retired or retirement pay."

3. A.R.S. § 25–317:

"A. To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for *disposition of any property owned by either of them,* maintenance of either of them, and support, custody and visitation of their children. [Emphasis added.]

B. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unfair."