818 P.2d 198

**Sharon J. McNEEL, Petitioner/Appellee,**

v.

**Gerald E. McNEEL,
Respondent/Appellant.**

**No. 2 CA–CV 91–0071.**

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 5, 1991.

Michael C. Young, Tucson, for petitioner/appellee.

Carl D. Macpherson, Tucson, for respondent/appellant.

## OPINION

ROLL, Presiding Judge.

Gerald E. McNeel, former husband of Sharon J. McNeel, appeals from the order of the trial court awarding Sharon a portion of Gerald's pension benefits. For the reasons set forth below, we affirm.

### FACTS

Sharon and Gerald were married on October 25, 1955. On February 25, 1985, they entered into a property settlement agreement. Under the terms of this agreement, Sharon is entitled to one-half of Gerald's retirement benefits. Gerald's retirement date is March 5, 1995, the date on which Gerald turns 62. On March 5, 1985, Gerald elected to receive early retirement benefits. These benefits totaled $850 per month. On March 28, 1985, the marriage of Sharon and Gerald was terminated by dissolution decree, and the property settlement agreement was incorporated by reference.

In June of 1985, Gerald suffered a heart attack and on August 15, 1985, Gerald was notified that his pension was being changed

from early retirement to disability. The letter from the pension clerk informed Gerald that his pension would be increased by $337 per month, constituting the difference between early retirement benefits and disability benefits. In February, 1990, the trust fund notified Gerald that effective immediately, $425 per month of Gerald's pension would be withheld for Sharon McNeel, because this sum represents her share of the longevity pension. The trust fund's letter explained the withholding as follows:

> When Mr. McNeel retired in 1985, he began receiving an Early Pension from the Trust. Later the Early Pension was changed retroactively to a Disability Pension. The Disability Pension is the same amount as the amount of pension which would be paid to a participant at regular retirement age, 62. The Early Pension is reduced one-quarter of one percent for each month the participant in the Trust is younger than age 62 on the date of his retirement. At this time, Mr. McNeel is receiving a monthly benefit of $1,220.00. If he were receiving an Early Pension instead of the Disability Pension, his benefit would be $850.00 per month.

> Under these circumstances, we believe that the correct analysis of this pension is to view $850.00 of it as attributable to longevity and the balance to be attributable to Mr. McNeel's disability. Therefore, the Trust will withhold one-half of $850.00, $425.00, for Mrs. McNeel until this matter is resolved.

Thereafter, Gerald filed a pleading entitled Petition for Clarification of Decree, requesting that the trial court adjudicate the extent to which Sharon is entitled to share in pension fund payments to Gerald. The trial court agreed with the analysis by the trust fund attorney. The trial court ordered Gerald to pay Sharon her share of Gerald's pension fund benefits from March of 1985 through February of 1990, calculated to be $25,000. The trial court further ordered that the fund continue to forward $425 a month to Sharon until March 5, 1995. The order stated that after March 5, 1995, Sharon is entitled to $610 a month, a sum constituting one-half of the retirement benefits which will be paid to Gerald upon reaching 62 years of age.

## ISSUE ON APPEAL

On appeal, Gerald argues that the trial court erroneously concluded that the pension payments made to Gerald since March of 1985 constitute retirement benefits rather than disability benefits.

## DISCUSSION

The matter presented to us is a mixed question of fact and law, which is reviewed de novo. *Tovrea Land and Cattle Co., v. Linsenmeyer,* 100 Ariz. 107, 114, 412 P.2d 47, 51 (1966); *Lee Development Co. v. Papp,* 166 Ariz. 471, 475–76, 803 P.2d 464, 468–69 (App.1990). The interpretation of a contract is a question of law or, at most, a mixed question of law and fact. *United California Bank v. Prudential Insurance Co.,* 140 Ariz. 238, 257, 681 P.2d 390, 409 (App.1983).

Gerald characterizes the pension fund payments made to him as disability payments. Disability benefits are the separate property of the spouse suffering the disability. *In re Marriage of Kosko,* 125 Ariz. 517, 519, 611 P.2d 104, 106 (App. 1980). *C.f., Jurek v. Jurek,* 124 Ariz. 596, 598, 606 P.2d 812, 814, (1980) (compensation for injuries to personal well-being is separate property). This rule results from conceptualizing the disabled spouse's body as his or her separate property, brought to the marriage by that spouse. *Jurek, Id.* In *Jurek,* relied upon by Gerald, the supreme court held that the wife was not entitled to half of any proceeds received by the husband to compensate the husband for the loss of his right hand and half of his forearm. The supreme court noted, however, that any lost wages arising from the physical injury were community property. Gerald also relies upon *Kosko,* which involved the trial court's award of half of the husband's civil service and veteran's benefits to the wife, even though the husband was 100% disabled due to a heart condition. Division One of this Court held that disability benefits constitute separate property.

Retirement benefits constitute community property. *Van Loan v. Van Loan,* 116 Ariz. 272, 273, 569 P.2d 214, 215 (1977). "[Retirement benefits] represent deferred compensation for work done by the employee, the enjoyment of which is postponed for the future." *Kosko,* 125 Ariz. at 518, 611 P.2d at 105 (App.1980). The property settlement agreement between Gerald and Sharon expressly provides that Sharon is entitled to half of Gerald's retirement benefits.

The matter before us is factually distinguishable from *Jurek* and *Kosko.* Here, Gerald elected to receive early retirement benefits. These benefits total $850 per month. Sharon, under Arizona law and by the terms of the property settlement agreement, is entitled to one-half of this sum. Three months after Gerald opted for early retirement benefits and the marriage of Gerald and Sharon was dissolved, Gerald suffered a heart attack. His retirement benefits were reclassified as disability benefits, and he began receiving an additional $337 per month.

The trial court ruling that Sharon continues to be entitled to one-half of $850 recognizes that before any medical disability arose, Gerald elected to receive early retirement benefits and, had Gerald never suffered a heart attack, would have continued to receive retirement benefits in this amount. *Perras v. Perras,* 151 Ariz. 201, 726 P.2d 617 (App.1986); *Luna v. Luna,* 125 Ariz. 120, 125, 608 P.2d 57, 62 (App. 1979). To rule otherwise would permit Gerald to transform retirement benefits constituting community property to disability benefits constituting separate property. *Perras,* 151 Ariz. at 203, 726 P.2d at 619. Furthermore, the trial court's determination that Sharon is not entitled to share in the additional funds paid to Gerald as a result of his medical disability recognizes the separate property nature of these benefits.[1]

1. The trial court also ruled that upon Gerald reaching the age of 62, Sharon is entitled to share in one-half of his benefits. This result is supported by the terms of the pension fund. Article III, Section 5 of the pension plan pro-

## CONCLUSION

We affirm. Each party shall bear his or her own attorney's fees and costs incurred.

FERNANDEZ and HATHAWAY, JJ., concur.

vides that "upon attainment of age 62 a retired participant on a disability pension shall have his benefits continued *regardless of whether or not he remains disabled.*" (Emphasis added.)