NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CYNTHIA JEAN VAN LEEUWEN,
*Petitioner/Appellant*,

*v.*

RICHARD ALLEN VAN LEEUWEN,
*Respondent/Appellee*.

No. 1 CA-CV 13-0498

FILED 12-02-2014

Appeal from the Superior Court in Maricopa County
No. FC2011-092970
The Honorable Paul J. McMurdie, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Katz & Bloom, PLC, Phoenix
By Norman M. Katz
*Counsel for Petitioner/Appellant*

Richard Allen Van Leeuwen, Gilbert
*Respondent/Appellee*

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

¶1         Pursuant to a Decree of Dissolution, the family court divided community bank accounts, ordered shares of stock be sold and the proceeds divided and allocated the income tax exemptions of Cynthia Jean Van Leeuwen (Mother) and Richard Allen Van Leeuwen (Father).  Mother filed a motion to amend three property orders in the Decree and appeals from the denial of that motion.  For the reasons that follow, we affirm the family court's allocation of the tax exemptions, but otherwise vacate the property division as it relates to the community bank accounts and stock sale proceeds, and remand this case for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2         The parties entered into an Arizona Rule of Family Law Procedure 69 agreement (Agreement) resolving custody and parenting time issues for their two minor children, E. and H., and dividing the parties' real and personal property, associated debts, and vehicles.  The Agreement provides that Mother will receive a $15,000 equalization payment, which was to be paid from Father's share of the community bank accounts.  The family court approved the Agreement and conducted a one-day trial to resolve the remaining issues.

¶3         In the Decree, the family court found that the community savings account had an approximate value of $42,000 and the checking account had an approximate value of $5,000 when the community ended. Although the Agreement requires a $15,000 equalization payment to Mother from Father upon the family court's division of the community bank accounts, the court nevertheless divided these accounts equally because "[a]t the trial, the parties agreed that Mother received her $15,000 from the proceeds from the sale of the marital residence.  Therefore, no additional offset is required [in] settling these accounts."

**¶4**        The Decree also provided that Father could claim E. as an eligible dependent for income tax purposes.  Additionally, Father could claim H. as a dependent in even-numbered years and Mother could claim H. as an eligible dependent in odd-numbered years.

**¶5**        The Decree also directs the parties to "sell all of the stock and equally divide the proceeds", including the parties' Thrivent stock.  Finally, the Decree noted that Mother is entitled to attorneys' fees in accordance with Arizona Revised Statutes (A.R.S.) section 25-324(A) (West 2014)[1]

**¶6**        Mother filed a motion to alter, amend and correct the Decree's findings pursuant to Rules 84 and 85.  She argued that, pursuant to the Agreement, the family court should have ordered Father to pay Mother the previously agreed to equalization payment of $15,000 from Father's one-half share of the savings account.  Furthermore, she contended the family court erroneously attributed a $5,000 balance to the community checking account when in fact the checking account had an approximate value of $20,700 at the time the community ended.  Mother also argued that Father sold some of the parties' stock without sharing the proceeds.  Finally, Mother argued that because Father had already claimed H. as a tax exemption for 2011, he should not be allowed this exemption again in 2012.

**¶7**        The family court denied Mother's motion and she timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I.    The Savings Account

**¶8**        Mother contends that the family court erred in equally dividing the community checking and savings accounts without accounting for the $15,000 equalization payment she was owed.  This court will affirm an order denying a motion to modify a decree of dissolution "unless the record on appeal demonstrates a clear abuse of discretion."  *De Gryse v. De Gryse*, 135 Ariz. 335, 336, 661 P.2d 185, 186 (1983) (applying Arizona Rule of Civil Procedure Rule 60(c), a rule analogous to Arizona Rule of Family Law of Procedure 85.C.).  A court abuses its discretion when it commits a legal error in reaching a discretionary conclusion, makes a conclusion without considering the evidence, commits another substantial legal error, or makes findings lacking substantial evidentiary support.

---

[1]        We cite the current version of a statute when no revisions material to this decision have since occurred.

*Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App. 2007). "We view the evidence in the light most favorable to sustaining the trial court's findings and will uphold them unless they are clearly erroneous or unsupported by the evidence." *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3, 968 P.2d 1053, 1055 (App. 1998). We review the court's interpretation of statutes and procedural rules de novo. *Melgar v. Campo*, 215 Ariz. 605, 606, ¶ 6, 161 P.3d 1269, 1270 (App. 2007); *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 524, ¶ 10, 334 P.3d 210, 214 (App. 2014).

**¶9**         Community property must be divided "equitably, though not necessarily in kind." A.R.S. § 25-318(A). It is undisputed that the community savings account contained approximately $42,000 on the date of service. The parties' Agreement provided that Mother would receive the equalization payment: "[t]he Parties agree that the $15,000 will be awarded [to] Mother from Father's half of balances . . . in the former marital bank accounts numbered 0713 and 6901 at the time of the calculation of the final settlement payment. These funds are currently in Mother's possession."

**¶10**         Despite the parties' Agreement, the court did not incorporate the $15,000 equalization payment when dividing the community bank accounts. Instead, the court found that "[a]t the trial, the parties agreed that Mother received her $15,000 from the proceeds from the sale of the marital residence. Therefore, no additional offset is required" in settling the checking and savings accounts.

**¶11**         Mother disputes the court's characterization of the trial testimony. Father's brief concedes that Mother is still due $15,000 as an equalization payment from Father's share of the savings account. In view of Father's concession, we vacate the family court's division of the funds in the savings account and, on remand, direct the family court to order Father to pay Mother $15,000 from his share of the funds in the savings account.

## II.    Checking Account

**¶12**         Mother also contests the family court's finding that the community checking account contained $5,000 on the date of service. During trial, the family court stated it did not know the balance of the checking account on the date of service. The only testimony the family court received about the funds in that account came from Mother, who testified that the account balance was $12,300 as of September 15, 2011. Before trial, Mother filed an Objection to Final Consent Decree stating that the checking account balance was $18,351.02 on June 14. The Decree,

however, listed the value of the checking account as approximately $5,000 and ordered that it be divided equally.

¶13        In her motion to amend, Mother produced the summary page from her June 2011 checking account statement showing the June 30, 2011 balance as $20,736.65.  In response, Father filed a complete copy of the same June 2011 bank statement that listed a June 24, 2011 balance of $18,351.02. He likewise asserts on appeal that "the correct amount is $18,351.02."

¶14        The family court denied Mother's motion to amend.  There was no exhibit or trial testimony to support the $5,000 balance.  Because there is no pre-trial or trial evidence to support this finding, and the family court received evidence of the account balance as part of the briefing on amending the Decree, the court abused its discretion by not amending the Decree to divide $18,351.02 instead of $5,000. *See Armer v. Armer*, 105 Ariz. 284, 291 463 P.2d 818, 825 (1970) (rejecting family court's findings of fact relating to its characterization of property and the parties' interests).  On remand, the family court shall amend the Decree to equally divide the $18,351.02 from the checking account between the parties.

¶15        On appeal, Father argues that the checking account should be divided as of September 15, 2011.  We will not consider his argument because Father never filed a cross-appeal challenging the court's valuation date. *See A M Leasing Ltd. v. Baker*, 163 Ariz. 194, 195-96, 786 P.2d 1045, 1046-47 (App. 1989) (refusing to consider argument concerning the existence or priority of an asserted lien because the appellee was seeking to recover a greater amount for parts and labor without having filed a cross-appeal); *see generally* ARCAP 13(b)(3); I-A Arizona Appellate Handbook § 3.3.3.2.1, at 3-33 (Philip Hall & Pamela B. Petersen, eds., 5th ed. 2010) (an appellate court "can only alter the judgment in a manner favorable to the appellee if a cross-appeal is filed").  Moreover, Father waived his argument by not raising it in his response to Mother's motion to amend. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 204, ¶ 7, 119 P.3d 467, 471 (App. 2005) (finding waiver because party failed to present arguments to the superior court).

¶16        Father also argues that Mother is not entitled to additional "offsets" because she had control of the checkbook, did not deposit her paychecks into the account, and wrote all but two of the checks between June and September 2011.  Because Father failed to file a cross-appeal, we will not consider this argument. *See A M Leasing*, 163 Ariz. at 195-96, 786 P.2d at 1046-47.

## III.    Stock Proceeds

¶17        Mother also argues that Father must pay her half the proceeds from the sale of the Thrivent stock along with half the proceeds from the sale of any other community stocks.  We agree.

¶18        Father testified that he sold the Thrivent stock before trial without disclosing the sale or compensating Mother.  Because the Decree directed Father to pay Mother for her share of the Thrivent stock and Father concedes that he owes Mother $941.57 from the Thrivent proceeds, the family court on remand shall order Father to pay $941.57 to Mother.

¶19        Father also contends that the Thrivent stock is the only "true community stock."  Although he argues that the Modine stock is Mother's separate property and the Bob Evan's Farm stock is his separate property, he did not file a cross-appeal and we will not address the issue.  *See id.*[2]

## IV.    Allocation of Tax Exemptions

¶20        Mother also contends that the family court erroneously failed to amend its allocation of tax exemptions for the parties' minor children.  She claims that because Father claimed H. in 2011, an odd-numbered year the Decree allotted to Mother, the court should modify its allocation of the tax exemptions or order Father to file an amended return for 2011.  We disagree.

¶21        Before the Agreement, the parties entered a consent decree on September 15, 2011, which was subsequently vacated by the family court on February 6, 2012.  The consent decree provided that each party would file separate income tax returns starting in 2011.  Also, a child support order entered on the same day stated that Father could claim both children as tax exemptions for the 2011 tax year and Mother could claim both children for the 2012 and 2013 tax years.  The court vacated that order as well.

¶22        Although the consent decree and support order were vacated, no other orders were entered and Father took both children as eligible dependents for the 2011 tax year.  The Decree then provided that Father

---

[2]        At trial, Father argued that Mother's parents gifted the parties the Modine and Bob Evans Farm stock during the marriage, that the parties' respective shares were their separate property and no community funds were used to purchase the Modine and Bob Evans Farm stock.  The court properly ordered the stock sold and the proceeds to be divided equally. *See* A.R.S. § 25-211(A).

would take E. as a tax exemption every year. It further provided that Father could claim H. in even numbered years, and Mother could claim the child in odd-numbered years. Because the Decree was entered on April 30, 2013 Father had already claimed H. and E. as tax exemptions on his 2011 return. On this record, we do not find that the family court abused its discretion in declining to modify the tax exemption provision allowing Father to claim H. for one extra year.

## V.	Attorneys' Fees on Appeal

**¶23**	Mother requests an award of costs and attorneys' fees on appeal pursuant to A.R.S. § 25-324(A), which grants this court discretion to award fees based upon the parties' financial resources and the reasonableness of their positions throughout the litigation. Although the parties took reasonable positions on appeal, the appellate record reflects that Father's gross income is greater than Mother's. Father contends that the parties now have equal incomes, but cites no supporting evidence. Accordingly, we exercise our discretion to award Mother her reasonable attorneys' fees and costs incurred on appeal contingent upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶24**	Based on the foregoing analysis, we find that the family court should have amended the Decree to reflect that (1) Mother was entitled to the $15,000 equalization payment as provided in the Agreement; (2) the checking account balance exceeded $5,000 and contained $18,351.02; and (3) Father owes Mother half the proceeds from the sale of the Thrivent stock. As a result, we vacate the Decree's division of the community checking and savings accounts and remand this case to allow the family court to divide those accounts properly, consistent with this decision. The family court shall also order Father to share the proceeds of the Thrivent stock with Mother. We otherwise affirm the Decree.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama