NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

IRENE CARRANZA (FNA GONZALES), *Petitioner/Appellant*,

*v.*

RICHARD M. GONZALES, *Respondent/Appellee*.

No. 1 CA-CV 15-0148 FC
FILED 6-2-2016

Appeal from the Superior Court in Maricopa County
No. DR1994-018577
The Honorable Michael J. Herrod, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

TS Facciola PLLC, Tempe
By Tamra S. Facciola
*Counsel for Petitioner/Appellant*

Law Office of John E. Herrick, Phoenix
By John E. Herrick
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

---

**T H O M P S O N**, Judge:

¶1        Irene Carranza (Wife) appeals from a family court order allocating the pension she earned as an employee of the United States Postal Service (USPS). The family court correctly applied Arizona Revised Statue (A.R.S.) § 25-211 as it existed at the time the parties divorced in 1995. However, the court erred when it failed to apply *Kelly v. Kelly,* 198 Ariz. 307, 9 P.3d 1046 (2000), in the 2015 order allocating Wife's pension. Accordingly, we affirm the portion of the order allocating the pensions as of the date of the decree but vacate the formula used and remand for an order consistent with *Kelly.*

**BACKGROUND**

¶2        During the marriage, both parties worked for the USPS. The 1995 divorce decree awarded each party one-half of the community interest in the other's USPS pension, to be distributed through a separately entered qualified domestic relations order (QDRO). [1] It was not until 2013, after both parties had retired, when Richard Gonzales (Husband) requested the court enter an order awarding him one-half of the community interest in Wife's pension.

¶3        Although both parties were employed by the USPS, Wife participated in the Civil Service Retirement System (CSRS), which does not include Social Security. *See Kelly,* 198 Ariz. at 308, ¶ 1, 9 P.3d at 1047 (citing 5 U.S.C. § 8349 (1996)). Husband participated in the Federal Employee Retirement System (FERS), which meant he was eligible for Social Security benefits but had a reduced pension. *See Kelly*, *id.* Wife argued the family court should apply the CSRS analysis set forth in *Kelly*, 198 Ariz. at 309, ¶

---

[1] Typically, such orders are QDROs. *See* 29 U.S.C. § 1056(d)(3)(B)(i) (2014). However, the pensions at issue here required a specific order which Husband designated a "Court Order Acceptable for Processing Under the CSRS." *See generally* 5 C.F.R. § 838.302. This decision will refer to this as the order.

11, 9 P.3d at 1048, to account for the inequity caused by this significant difference in the parties' pensions. Without addressing *Kelly*, the family court concluded Husband was entitled to an order dividing Wife's pension benefits as of the date of the decree. In a motion to clarify, Wife again argued the order should comply with *Kelly*. The court denied Wife's motion without comment and entered an order awarding Husband one-half of the community interest in Wife's CSRS pension. The community interest was determined by multiplying the monthly benefit by a fraction, the numerator being the number of months employed during the marriage and the denominator being the total number of months of employment. According to the order, the marriage terminated on June 1, 1995, the date of the decree.

¶4　　　　Wife filed a timely notice of appeal from this order. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2) (Supp. 2015).

## DISCUSSION

### I. Court Properly Used Date of Decree to Divide Pension

¶5　　　　Wife contends the family court erred by ordering that the community interest in her pension shall be calculated using the date of decree as the date the community terminated. Wife argues the community interest in her pension terminated on November 16, 1994, the date of service, not the later June 1, 1995 date of the decree. Wife relies on A.R.S. § 25-211(A)(2) (Supp. 2015), which provides that property acquired after service of a petition for dissolution resulting in a decree is not community property. Therefore, Wife contends, the order improperly awarded Husband a portion of her pension that was Wife's separate property.

¶6　　　　We review issues of statutory interpretation de novo. *Merrill v. Merrill,* 230 Ariz. 369, 372, ¶ 7, 284 P.3d 880, 883 (App. 2012). At the time the decree was entered, community property was defined as all property acquired during the marriage. *See* 1998 Ariz. Sess. Laws, ch. 280, § 3 (2nd Reg. Sess.) (adding language now found in current version of § 25-211 (A)(2)). The language Wife relies on was not part of § 25-211(A)(2) until 1998, three years after the parties' decree was entered. The legislature expressly stated that this change in statutory language applied only to actions for dissolutions commenced on or after the effective date of the act, which was December 31, 1998. *See* 1998 Ariz. Sess. Laws, ch. 280, §§ 27, 28 (2nd Reg. Sess.). The language Wife relies on in § 25-211(A)(2) clearly does not apply because this dissolution was commenced before this statute became effective. *Id.* Accordingly, the court did not err in applying the statutory language in effect, when the parties' decree was entered.

## II. Court Erred By Failing to Apply the *Kelly* Formula Retroactively

¶7 Wife also contends the family court should have applied the analysis in *Kelly* in allocating Wife's CSRS pension. Whether the holding in *Kelly* applied retroactively is a question of law subject to de novo review. *See Merrill,* 230 Ariz. at 372, ¶ 7, 284 P.2d at 883.

¶8 Wife contends that her entire CSRS pension was not divisible as a community asset because a portion of her pension contributions was in lieu of a Social Security contribution and that portion is to be treated as her separate property pursuant to *Kelly,* 198 Ariz. at 309, ¶ 11, 9 P.3d at 1048. *See also Kohler v. Kohler,* 211 Ariz. 106, 109, ¶ 14, 118 P.3d at 624 (applying *Kelly* analysis). In *Kelly,* the husband participated in a CSRS pension and, therefore, did not contribute to Social Security; the wife had a FERS pension and did contribute to Social Security. *Kelly,* 198 Ariz. at 308, ¶ 1, 9 P.3d at 1047. Thus, the parties here are in the same positions as the parties in *Kelly*.

¶9 *Kelly* held that because the wife's FERS contributions to Social Security were exempt as a matter of law from equitable allocation as a community asset, principles of equity compelled the court to treat the husband's contributions to his CSRS pension in a similar manner. *Id.* at 309, ¶¶ 9-10, 9 P.3d at 1048. The court reasoned that the spouse with a FERS pension also contributes community property to Social Security, but under federal law, the Social Security benefits cannot be allocated upon a dissolution. *Id.* at 308, 309, ¶¶ 5, 9, 9 P.3d at 1047, 1048 (citing 47 U.S.C. § 407(a)). However, the spouse with a CSRS pension also makes contributions from community wages, but his entire CSRS pension is entirely divisible upon dissolution. *Kelly, id* at 309, ¶ 9, 9 P.3d at 1048. To remedy this inequity, the court concluded

> a present value, measured as of the date of dissolution, should be placed on the social security benefits [the CSRS employee-spouse] *would have received had he participated in that system during the marriage.* This necessarily will require a reconstruction of his wages. The social security calculation can then be deducted from the present value of [the] CSRS pension on the date of dissolution. The remainder, if any, is what may be divided as community property.

*Id.* at ¶ 11 (emphasis in original).[2] *See also Kohler,* 211 Ariz. at 109, ¶ 12, 118 P.3d at 624.

**¶10** The family court implicitly rejected Wife's request to apply the *Kelly* analysis to her CSRS pension. Although the facts of *Kelly* are identical to the circumstances presented here, the decision in *Kelly* was issued in 2000, five years after the parties divorced. Wife contends *Kohler v. Kohler,* 211 Ariz. 106, 118 P.3d 621 (App. 2005), also supports application of the *Kelly* analysis in to this case. However, the decree of dissolution in *Kohler* was entered well after *Kelly* was decided; thus, the court did not have to determine whether to apply *Kelly* retroactively. *Kohler,* 211 Ariz. at 106-07, ¶ 1, 118 P.3d at 622.

**¶11** Husband contends application of *Kelly* would constitute an improper modification of the parties' 1995 decree. Wife contends she is merely asking the court to equitably divide her pension, not modify the 1995 decree.

**¶12** The decree does not set forth the manner in which the pensions will be divided, other than to state that each spouse is entitled to one-half of the "community's interest" in the other's pension. The order dividing the pension was to be filed separately. That order was not filed until 2015; it was first submitted in 2013. The decree did not determine the "community interest," therefore, application of *Kelly* does not constitute a modification of the decree.

**¶13** Husband argues this case is analogous to *DeGryse v. DeGryse,* 135 Ariz. 335, 337, 661 P.2d 185, 187 (1983) (citing *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291, *approved,* 133 Ariz. 87, 649 P.2d 290 (1982)), which declined to apply a new United States Supreme Court case retroactively. In *DeGryse* and *Rodriguez,* the decrees treated military retirement pay as a community asset to be equitably divided and awarded the non-military spouse a specific amount of the retirement pay. *DeGryse,* 135 Ariz. at 336, 661 P.2d at 186; *Rodriguez,* 133 Ariz. at 88, 649 P.2d at 291. The United States Supreme Court then decided *McCarty v. McCarty,* 453 U.S. 210 (1981), which

---

[2] Wife asks this court to clarify that the "date of dissolution" language used in *Kelly* quoted above, is intended to reflect the definition of community property found in A.R.S. § 25-211(A)(2). However, the decree in *Kelly* was entered in 1997, which is before the language now found in § 25-211(A)(2) became effective. *Kelly,* 198 Ariz. at 301, ¶ 1, 9 P.3d at 1047. Therefore, the statutory language in § 25-211(A)(2) did not apply in *Kelly,* nor does it apply here. *See infra* ¶ 6.

held military retirement pay *was not* divisible. *DeGryse* and *Rodriguez* held that "*McCarty* did not alter the res judicata consequences of a divorce decree which was final before *McCarty*." 135 Ariz. at 337, 661 P.2d at 187 (citing *Rodriguez*, 133 Ariz. 87, 649 P.2d 290).

**¶14** Here the decree was final, but it was silent as to the method for allocating the pensions and the amount to which the community was entitled. The decree anticipated a future order detailing the formula for allocating of the pensions. Thus, there is no formula in the decree that is res judicata.

**¶15** Arizona appellate opinions are presumed to apply both prospectively and retroactively unless otherwise specified. *See Law v. Superior Court (Harder)*, 157 Ariz. 147, 160, 755 P.2d 1135, 1148 (1988). The opinion in *Kelly* does not state that it only applies prospectively; thus, *Kelly* is presumed to apply retroactively. *See Zavala v. Ariz. State Personnel Bd.*, 159 Ariz. 256, 264-65, 766 P.2d 608, 616-17 (App. 1987) (applying supreme court decision retroactively where that decision did not otherwise specify that it would only apply prospectively). This court cannot decide to make *Kelly* prospective only; such an action was reserved for the supreme court. *See Law*, 157 Ariz. at 160, 755 P.2d at 1148; *Fain Land & Cattle Co, v. Hassell*, 163 Ariz. 587, 596, 790 P.2d 242, 251 (1990); *Taylor v. Travelers Indem. Co.*, 198 Ariz. 310, 321, par. 30, 9 P.3d 1049, 1060 (2000). As the supreme court in *Kelly* did not determine that the decision should apply prospectively only, we apply the general rule.

**¶16** The 1995 decree did not specify a formula for determining the community interest in the pensions. Thus, application of *Kelly* does not alter or effect the terms of the decree and is not a modification. We conclude the family court erred when it entered an order that did not determine the community's interest in Wife's CSRS pension pursuant to the analysis in *Kelly*. Accordingly, we vacate that portion of the order and remand for application of *Kelly*.[3]

## CONCLUSION

**¶17** We affirm the order to the extent it allocated the pensions as of the date of the decree. However, the order is vacated and remanded to

---

[3] Because this case involved questions of law, there was no need to consider Wife's failure to provide a transcript of the November 26, 2014 hearing.

determine the portion of Wife's CSRS pension that is community property and that which is her separate property consistent with *Kelly*.



Ruth A. Willingham · Clerk of the Court
FILED: AA