763 P.2d 992

**In re the Marriage of Allan Scott SCHMIDT, Petitioner–Appellee,**

v.

**Darlene Joyce SCHMIDT, Respondent–Appellant.**

**No. 1 CA–CIV 9582.**

Court of Appeals of Arizona, Division 1, Department B.

July 21, 1988.

Review Denied Nov. 29, 1988.

Thomas J. Novak, Phoenix, for petitioner-appellee.

Hash, Cantor & Tomanek by Alena Cantor, Phoenix, for respondent-appellant.

## OPINION

BROOKS, Presiding Judge.

The primary issue in this appeal is whether the trial court erred in declining to modify a decree of dissolution of marriage with respect to the distribution of the parties' community interest in a state retirement plan. We affirm.

The facts giving rise to this appeal are not in dispute. The parties were married on June 2, 1962, and the marriage was dissolved on July 12, 1985. Allan Schmidt (husband) commenced employment with the Arizona Department of Public Safety in August of 1963 and remained so employed at all times material to this litigation. He became eligible for retirement with a vested pension on August 27, 1983, but chose to continue working and defer collection of his benefits. As to these benefits, the trial court made the following award upon dissolution of the marriage:

Pursuant to *Koelsch v. Koelsch,* [148 Ariz. 187, 713 P.2d 1245 (1984) (*Koelsch I*)] an Arizona Court of Appeals' case filed February 28, 1984, which is presently on review to the Arizona Supreme Court, the wife is hereby awarded one-

half of whatever retirement benefits the husband receives from his interest in the Arizona Public Safety Personnel Retirement System, whenever the husband receives those benefits. This Court retains jurisdiction to modify this paragraph of this Order consistent with whatever decision is issued by the Arizona Supreme Court in *Koelsch* (assuming the *Koelsch* Court of Appeals' opinion is vacated or modified by the Arizona Supreme Court).

No appeal was taken from the original decree of dissolution.

In January of 1986, our supreme court vacated this court's decision in *Koelsch I,* and held that a non-employee spouse has a determinable present value interest in the community property portion of a vested pension which should be awarded to the non-employee spouse at the time of dissolution. *Koelsch v. Koelsch,* 148 Ariz. 176, 713 P.2d 1234 (1986) (*Koelsch II*). Some seven months later, wife filed a petition to modify the decree essentially seeking an award of her interest in the retirement benefits in conformance with *Koelsch II.* Husband responded and filed a cross-petition seeking modification of provisions of the decree relating to spousal maintenance, child support and disposition of the family residence, in the event wife's motion was granted. In the alternative, husband filed a motion to dismiss wife's petition for modification for want of jurisdiction. The trial court denied husband's motion to dismiss. As to the respective petitions for modification, the following order was entered:

If the Court now, approximately 18 months after rendering the original decree of dissolution which conformed to the then existing law, apportioned the retirement benefits of the Respondent to conform to recent decisions, fairness would necessitate the change or modification of many other provisions of the original decree.

The possibility of such modifications certainly could involve rethinking and restructuring the decree of dissolution with the attendant uncertainty and disruption in the lives of the parties involved, and the Court declines to do that.

After denial of her motion for reconsideration, wife filed this appeal.

**498**

A trial court's authority to terminate or modify provisions of a decree of dissolution relating to the disposition of property is set forth in A.R.S. § 25–327(A):

> Except as otherwise provided in subsection F of § 25–317 [relating to separation agreements], the provisions of any decree respecting maintenance or support may bemodified only as to installments accruing subsequent to notice of the motion for modification to the opposing party and only upon a showing of changed circumstances which are substantial and continuing. *The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.*

(Emphasis added.) The conditions justifying the reopening of a judgment are contained in Rule 60(c), Arizona Rules of Civil Procedure, which, at the time of the filing of wife's petition to modify, provided:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

 Since the decree of dissolution disposed of the retirement benefits in conformance with the then valid law, i.e.,

*Koelsch I,* and otherwise disposed of all other issues, it was a final and appealable judgment.[1] Under A.R.S. § 25–327, the provisions of the decree relating to the disposition of property could only be modified if the trial court found one or more of the above conditions. Despite husband's suggestion to the contrary, we do not read the statute to require a party to actually file a Rule 60(c) motion when seeking modification; all that is required is that the trial court find at least one of the Rule 60(c) conditions to exist before it can modify a provision as to property disposition. The fact that the trial court purported to "retain jurisdiction" to modify the decree would not obviate the need for the court to find a Rule 60(c) condition before ordering a modification.

Although not cited by either party, we believe that the instant case is controlled by our supreme court's decision in *De Gryse v. De Gryse,* 135 Ariz. 335, 661 P.2d 185 (1983). In that case, the trial court entered a decree of dissolution, a part of which awarded the wife a one-third interest in the husband's military retirement pay in conformance with the law as it existed at the time of the decree. *See Van Loan v. Van Loan,* 116 Ariz. 272, 569 P.2d 214 (1977). Shortly after the decree was entered, the Supreme Court issued its opinion in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), holding that there were no community property rights in military retirement benefits.[2] The husband then filed a motion seeking modification of the decree which our supreme court noted was properly treated by the trial court as a motion for relief from judgment. *De Gryse,* 135 Ariz. at 336, n. 1, 661 P.2d at 186. In reviewing the denial of the husband's motion, the *De Gryse* court said that the trial court order would be sustained unless the record demonstrated a clear abuse of discretion. In response to the husband's contention that he was seeking only a prospective modification of the decree under A.R.S. § 25–327, the court

1. Neither party argues that the decree entered was not a final judgment.

2. Effective February 1, 1983, Congress passed the "Uniformed Services Former Spouses Protection Act," Pub.Law 97–252, which legislative-

ly overruled *McCarty* and again made military retirement benefits subject to state community property laws. *Codified at* 10 U.S.C. § 1408(c)(1) (1983).

held that it was not a clear abuse of the trial court's discretion to find no justification for the reopening of the decree in light of the compelling policy interest favoring the finality of property settlements. *Id.* at 338, 661 P.2d at 188.

In the instant case, the trial court noted that the decree, as entered, conformed to the then existing law and that any change to the apportionment of the retirement benefits would "necessitate the change or modification of many other provisions of the original decree." Implicit in the trial court's order is a determination that no conditions existed which would justify a reopening of the decree. We believe that *De Gryse* demonstrates that a change in law relating to community property interests in retirement benefits is insufficient, in and of itself, to compel modification of a property disposition.

In fact, the change in law at issue in *De Gryse* was far more drastic than the one at issue here. In *De Gryse*, the law had changed so as to entirely divest the non-military spouse of any community property interest in the military spouse's retirement benefits; the decision in *Koelsch II* did not divest the non-employee spouse of his or her share in the community property interest of the employee spouse's retirement benefits, but only altered the timing of the receipt of those benefits and modified the formula. We cannot say that the trial court's decision not to modify the decree of dissolution was an abuse of discretion.

Wife suggests that the procedural and factual similarities in *Edsall v. Superior Court*, 143 Ariz. 240, 693 P.2d 895 (1984) justify the reopening of the decree in this case. We disagree. The decree in *Edsall* became final after the *McCarty* decision but prior to the enactment of the Uniformed Services Former Spouses Protection Act (the Act). Consistent with *McCarty*, the wife there was not awarded an interest in the husband's military retirement benefits. After enactment of the Act, she sought to have the decree reopened and an order entered determining that she indeed had an interest in the benefits. Our supreme court held that, notwithstanding res judicata principles, a final de-

cree of dissolution could be reopened "in the limited circumstances" presented by that case. The court then found that "the strong statement of intent by Congress in enacting the Act, and equitable considerations," constituted extraordinary circumstances justifying relief from the judgment. *Edsall* at 243, 693 P.2d at 898. The Congressional intent referred to was the intent "to wipe out the effects of *McCarty* on persons divorced in the interim period." *Id.*

The *Edsall* court also distinguished its earlier decision in *Rodriguez v. Rodriguez*, 133 Ariz. 87, 649 P.2d 290 (1982), where it had approved a decision of Division 2 of this court, *Rodriguez v. Rodriguez*, 133 Ariz. 88, 649 P.2d 291 (App.1982), which held that retroactive application of *McCarty* would "flout the rule of res judicata." The husband there had petitioned to reopen a decree of dissolution which became final prior to *McCarty* seeking to strike the portion of the decree which awarded his former wife a portion of his military retirement benefits. One of the distinguishing factors relied upon by the *Edsall* court was the fact that the *McCarty* decision contained no suggestion that it be retroactively applied. Similarly, our supreme court's decision in *Koelsch II* contains no suggestion that it be retroactively applied.

Wife's reliance on *Carpenter v. Carpenter*, 150 Ariz. 62, 722 P.2d 230 (1986), is also misplaced. *Carpenter* involved the apportionment of a husband's death and retirement benefits amongst successive wives when the decree dissolving the first marriage was silent as to their disposition. Our supreme court only reaffirmed its holding from prior decisions that contributory pension plans are subject to equitable distribution upon marital dissolution. We fail to see what comfort wife finds in *Carpenter*. Unlike the benefits at issue in *Carpenter*, the retirement benefits in the instant case were addressed by the decree and disposed of pursuant to the then valid law, i.e., *Koelsch I*.

The final issue raised by wife is whether the trial court erred in not awarding her attorney's fees. Resolution of this issue can be found in the plain language of A.R.S. § 25–324:

The court from time to time, after considering the financial resources of both parties, *may* order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter.

(Emphasis added.) The awarding of attorney's fees in marriage dissolution proceedings is within the sound discretion of the trial court both as to whether they should be awarded at all and as to the amount. *See In re Marriage of Fong*, 121 Ariz. 298, 589 P.2d 1330 (App.1978). In her brief on appeal, wife does not explain why she feels that the trial court abused its discretion, and our review of the record discloses no error.

For the foregoing reasons, the judgment of the trial court is affirmed. Wife's request for attorney's fees on appeal is denied.

KLEINSCHMIDT and EUBANK, JJ., concur.