OPINION AND ORDER

BRIEF STATEMENT OF FACTS

This matter comes before the Court on appeal from the Tribal Court’s partial denial of Appellant’s Motion for Modification (Change) of Custody, Child Support, Property and Debt Provisions in a final divorce decree. Appellant and Appellee divorced and a final divorce decree was entered October 7, 1997. Appellant moved to modify the final divorce decree on August 8, 2000. On September 29, 2000, the Tribal Court granted Appellant’s Motion to Modify as to the child support provisions of the final divorce decree, but denied Appellant’s Motion to Modify as to the property division portions of the final divorce decree. Appellant appeals from this denial, asserting that the Tribal Court erred in denying her motion in part.
A. The Hopi Tribal Court’s denial of Honeyestewa’s motion to modify the property settlement of the final divorce decree was not erroneous.
The Appellant contends that the motion to modify should have been granted because it was unopposed. We hold otherwise.
Appellant contends that the Motion for Modification was unopposed, and therefore she was entitled to default judgment. Appellant cites Rule 8(d) of the Federal Rules of Civil Procedure, which states that the effect or failure to deny averments in a pleading to which a responsive pleading are required results in the admission of such averments. F.R.C.P. 8(d). This rule is inapplicable in this case. Appellant filed a motion, not a pleading. Hopi Rules of Civil Procedure 4(b) and F.R.C.P. 7(b) govern the procedures for filing motions. Neither H.R.C.P. 4(b) nor F.R.C.P. 7(b) contain a requirement that an opponent *444 file an answer to any motion. Baicker-McKee et al, Federal Civil Rules Handbook (211)(2001).
In essence, Appellant argues that the Tribal Court was required to grant the Motion in its entirety because it was unopposed. However, H.R.C.P. 26(b) and F.R.C.P. 55, which govern default judgment both state that a judgment by default “may” be entered. A judgment by default is not entered as a matter of right, but is left to the sound discretion of the court. Baicker-McKee et al, Federal Civil Rules Handbook (745) (2001).
Judgment by default is a method of disposing of a case before trial. A default judgment is considered a judgment on the merit s, and is itself a final judgment. One proper method for seeking relief from this judgment was appeal. Absent an appeal, Appellant can attempt to seek relief from a final judgment pursuant to Rule 30. Considering Appellant’s Motion for Modification as a motion for relief from judgment, we find that Appellant is not entitled to relief from the final divorce decree as to the division of property.
Hopi Rules of Civil Procedure, Rule 30 states the requisite factors for relief from a final judgment or order. Appellant does not raise any of the reasons stated in Rule 30. The only section that could conceivably apply is section 7, which states that the court may in furtherance of justice relieve a party from a final order for “any other reason justifying relief from the operation of the judgment.” Hopi Rules of Civ. Pro., 31. However, Appellant does not assert any reason for the modifications that she requests in her motion.
Because there is no relevant Hopi case law on this issue we look to Arizona law for guidance. Hopi Resolution H-12-76. H.R.C.P. 30 and A.R.C.P. 60 are substantially similar. A review of Arizona case law further supports our findings. A.R.S. § 25-327(A) states that “The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of the state.” Arizona case law has interpreted this statute as meaning that a final divorce decree will not be reopened unless one of the circumstances in Rule 60 of the A.R.C.P. is met. Rule 60, A.R.C.P., and Rule 30 of the Hopi Rules of Civil Procedure are similar.
For example, in Edsall v. Superior Court, 143 Ariz. 240, 693 P.2d 895 (1984), the court found that A.R.S. § 25-327(A) allowed the revocation or modification of property dispositions if the court found the existence of conditions that justify the reopening of the judgment under the laws of the state.
Similarly, in Schmidt v. Schmidt, 158 Ariz. 496, 763 P.2d 992 (1988), the court of appeals had to decide “whether the trial court had erred in declining to modify a decree of dissolution of marriage with respect to the distribution of the parties’ community interest in a state retirement plan.” Id. at 497, 763 P.2d 992. The court found that where there was no showing of any of the circumstances listed in Arizona Rule of Civil Procedure 60, the court did not abuse its discretion in declining to modify the divorce decree. The Schmidt court cited De Gryse v. De Gryse, 135 Ariz. 335, 661 P.2d 185 (1983), which held that it is not an abuse of the trial court’s discretion to find no justification for reopening a decree in light of the compelling policy interest favoring the finality of property settlements. Id. at 338, 661 P.2d 185.
The Hopi Court did not abuse its discretion in denying Appellant’s Motion to Modify the property division. Therefore, it is hereby ordered that the judgment of the *445 Tribal Court, granting the motion to modify the child support provisions of the final divorce decree, and declining the motion to modify as to the property division portions of the final divorce decree in the case of Ronald Chimenea, petitioner, vs. Glenda Honeyestewa, Respondent, is affirmed.