NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANGELA T. BURK, *Petitioner/Appellee*,

*v.*

DENNIS E. TEUFEL, *Respondent/Appellant*.

UDALL SHUMWAY PLC, *Real Party in Interest/Appellee*

No. 1 CA-CV 15-0117 FC
FILED 4-14-2016

Appeal from the Superior Court in Maricopa County
Nos. FN 2008-002605 and FN 2008-091601 (CONSOLIDATED)
The Honorable John R. Hannah, Judge

**REVERSED**

COUNSEL

Udall Shumway PLC, Mesa
By Steven H. Everts and David R. Schwartz
*Counsel for Real Party in Interest/Appellee*

Dickinson Wright PLLC, Phoenix
By Leonce A. Richard, III
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

¶1          Dennis Teufel ("Husband") appeals the family court's order approving a settlement agreement and amending the decree to incorporate the agreement. Because the court did not make findings regarding a substantial change in circumstances or the existence of conditions justifying the reopening of the decree as required by Arizona Revised Statute ("A.R.S.") section 25-327, we conclude it did not have the authority to modify the decree by incorporating the settlement agreement. We therefore reverse.

### FACTS AND PROCEDURAL HISTORY

¶2          Husband and his former spouse, Angela Burk ("Wife"), filed for divorce in August 2008. From this case's inception, the parties have disagreed about division of property and the amount of spousal maintenance to be awarded to Wife. Following a 2-day trial, the family court made an equitable division of the parties' property and ordered Husband to pay Wife $250,000.00 in spousal maintenance. Additionally, based on the disparity of income between the parties and the unreasonable positions taken by Husband during the litigation, the court ordered Husband to pay 100% of Wife's attorneys' fees pursuant to A.R.S. § 25-324.

¶3          Immediately following entry of the decree, the parties began filing motions seeking to change the decree. Husband filed an appeal of the decree and the court's denial of his motion for new trial. During the pendency of Husband's appeal, the parties continued to litigate the decree's property distribution orders.

¶4            In May 2010, Husband and Wife entered into a settlement agreement.[1]  The settlement agreement, by its express terms, modified the decree.  The agreement stated it was the intent of the parties to settle all of the claims "raised in their divorce," including "all rights and obligations under" the decree.  The agreement also stated that "[e]xcept as otherwise expressly modified by the terms of this [a]greement, the parties hereby affirm and accept . . . the Court's orders set forth" in the decree.

¶5            The settlement agreement changed the property distribution in the decree.  For example, the agreement modified the terms by which Wife obtained ownership of the parties' Iowa residence.  Wife also gave up her portion of interest in the Atlantis timeshare that had been awarded to her under the decree.  In addition, the agreement changed the division of frequent flier miles, tax credits, furniture, personal property, and the parties' obligations regarding their marital residence.

¶6            The agreement also resolved the parties' dispute over interest owed on Wife's spousal maintenance award, and provided terms for Husband to pay the balance of spousal maintenance owed to Wife.  Additionally, the parties agreed to pay their own legal expenses and waived all attorneys' fees claims "of any nature with regard to any statutes of the state of Az."

¶7            After the parties entered the settlement agreement, Husband filed a notice of settlement with the court; attached to the notice was a copy of the agreement.  Husband lodged a form of order with the court entitled "Order Approving and Adopting Parties' Agreements Modifying Terms of the Decree of Dissolution."  Husband subsequently dismissed his appeal of the decree.

¶8            The law firm that had represented Wife was not involved in negotiating or drafting the settlement agreement.  When the firm received the notice of settlement, it filed a statement with the court seeking payment of $44,000 in fees incurred to enforce Husband's compliance with the decree.  The firm sought payment of these fees from money garnished

---

[1]      There are two different copies of the settlement agreement in the record.  The court determined the agreement offered by Wife as an exhibit at the hearing was the written version of the agreement.  We defer to the superior court's finding in this regard and treat the settlement agreement notarized on May 6, 2010, and filed as an exhibit, as the parties' settlement agreement.  *See McNeil v. Hoskyns*, 236 Ariz. 173, 176, ¶ 13 (App. 2014)

from Husband and held in its trust account on Wife's behalf. The court denied the firm's request, stating Wife's attorneys did not have a security or lien interest in the funds held in the trust account for Wife because Wife did not have an ownership interest in the funds.

¶9 The law firm appealed the court's ruling, and this court affirmed, rejecting the firm's lien claim. However, because the issue was beyond the scope of the appeal, we did not address the firm's argument the settlement agreement should be set aside. Rather, we remanded the case to the court to determine whether the settlement agreement was dispositive of Wife's remaining claim for fees, and whether to order disbursement of the remaining funds in the trust account to Husband.

¶10 On remand, the court examined the settlement agreement. Wife sought to set the settlement agreement aside as "unfair" pursuant to A.R.S. § 25-317 and *Sharp v. Sharp*, 179 Ariz. 205 (App. 1994). Husband argued the settlement agreement was a post-decree agreement, and therefore not subject to A.R.S. § 25-317.

¶11 The court reviewed the settlement agreement under A.R.S. § 25-317. It concluded it had the authority and obligation to review the settlement agreement to determine whether it was validly entered, and was fair and equitable. The court also placed the burden of proving the agreement was fair and equitable on Husband. Upon examination, the court found the settlement agreement was valid and binding on the parties. It also found the agreement was fair and equitable except for the provisions attempting to relieve Husband of his obligation to pay Wife's attorneys' fees. Accordingly, the court struck the provisions in the agreement waiving Wife's claims for attorneys' fees. Finally, the court amended the decree "by incorporating into it the [s]ettlement [a]greement as amended."[2]

---

[2] In its order, the court also found that Wife was "entitled to have Husband pay her reasonable attorneys' fees and costs for the post-decree period before and after the entry of the settlement agreement." To this end, the court ordered Husband to pay to Wife $40,000 from Wife's attorney's trust account for the reasonable fees incurred between entry of the divorce decree and September 30, 2010. The court also found Wife was entitled to an award of fees for the current litigation over the settlement agreement and ordered Wife's attorney to file an affidavit for

**¶12**        Husband filed a motion for new trial objecting to the court's review of the agreement pursuant to A.R.S. § 25-317.  The court denied Husband's motion, and he timely appealed.

## DISCUSSION

I.        Standard of Review

**¶13**        We review the superior court's interpretation and application of court rules and statutory provisions de novo.  *See Egan v. Fridlund-Horne*, 221 Ariz. 229, 232, ¶ 8 (App. 2009); *Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, 442, ¶ 8 (App. 2007).  A superior court's interpretation of an unambiguous agreement is also a question of law we review de novo.  *In re Marriage of Pownall*, 197 Ariz. 577, 580, ¶ 7 (App. 2000).

II.        Modification of the Divorce Decree

**¶14**        Husband argues the post-decree settlement agreement is valid and the family court did not have the authority to review the agreement pursuant to A.R.S. § 25-317 and *Sharp v. Sharp*, 179 Ariz. 205 (App. 1994).  However, we need not reach this issue because, under the facts of this case, the court was not permitted to amend the decree by incorporating the settlement agreement into the decree.

**¶15**        A trial court's authority to terminate or modify the property division in a divorce decree is governed by A.R.S. § 25-327.  *See Schmidt v. Schmidt*, 158 Ariz. 496, 498 (App. 1988).  Pursuant to A.R.S. § 25-327(A), the property disposition order in a decree may only be revoked or modified if the court finds the existence of conditions justifying reopening a judgment.  A.R.S. § 25-327(A); *LaPrade v. LaPrade*, 189 Ariz. 243, 246 (1997); *Schmidt*, 168 Ariz. at 498; *see* Ariz. R. Fam. Law. P. Rule 85(C) (listing the grounds for reopening a decree).

**¶16**        By its express terms, the agreement modifies the property division in the decree.  Indeed, Husband submitted the agreement to the court seeking an order adopting the agreement and modifying the terms of the decree.  However, prior to entering the agreement, neither party sought to reopen the decree or petitioned the court to make findings in compliance with A.R.S. § 25-327(A).

---

those fees.  Upon receipt of counsel's affidavit, the court awarded $28,243.58 in fees to be paid by Husband directly to Wife's attorney.

**¶17**       Under these circumstances, the court did not have the authority to modify the decree by incorporating the settlement agreement. The court made its modification without first reopening the decree or making any findings of a substantial and continuing change of circumstances justifying reopening the decree.  Pursuant to A.R.S. § 25-327(A), this was error, and we must vacate the court's order.[3] *Schmidt*, 158 Ariz. at 498 (stating a court is required to find at least one of the Rule 60(c) conditions exist before it can modify a provision as to property disposition).  Accordingly, we reverse the court's order approving the settlement agreement and incorporating the agreement into the decree.

III.     Attorneys' Fees on Appeal

**¶18**       Appellee, Wife's law firm, requests an award of attorneys' fees for Wife pursuant to A.R.S. § 25-324.  The firm reasons that it stands in the shoes of Wife for purposes of the appeal, and Wife is entitled to an award under § 25-324 due to the substantial disparity of financial resources between Wife and Husband.

**¶19**       A.R.S. § 25-324 does not require that a party prevail in order to be awarded fees.  The record shows a substantial disparity of income and assets between Husband and Wife.  Having considered the parties' financial resources and the reasonableness of the positions taken, we find that Wife is entitled to an award of reasonable fees incurred on appeal pursuant to A.R.S. § 25-324.  We direct her to file a fee application in compliance with ARCAP 21.

---

[3]       Husband relies on *LaPrade v. LaPrade*, 189 Ariz. 243 (1997), to argue that he and Wife had the independent ability to enter post-decree contracts that modify the divorce decree's property division regardless of the court's authority to do so.  Husband's reading of *LaPrade* omits the important fact that the parties contracted to modify the provisions of a settlement agreement that was incorporated, but not merged, into their divorce decree.  189 Ariz. at 249.  Under the circumstances before us, where the trial court exceeded its authority to modify the divorce decree without making the requisite findings, we decline to so extend *LaPrade*.

## CONCLUSION

¶20 Because the family court's order approving the settlement agreement and modifying the decree was barred by A.R.S. § 25-327(A), we reverse.



Ruth A. Willingham · Clerk of the Court
FILED: ama