NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JUDY HAYMAKER, *Petitioner/Appellee,*

*v.*

ROBERT L. HAYMAKER, *Respondent/Appellant.*

No. 1 CA-CV 22-0553 FC
FILED 6-27-2023

Appeal from the Superior Court in Maricopa County
No. FN2002-092622
The Honorable Keith A. Miller, Judge

**VACATED AND REMANDED**

COUNSEL

The Hogle Firm PLC, Mesa
By Nathan J. Hogle
*Counsel for Petitioner/Appellee*

Ellsworth Family Law P.C., Mesa
By Glenn D. Halterman
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

---

**M O R S E**, Judge:

¶1          Robert Haymaker ("Husband") appeals from the superior court's order denying his petition to enforce the divorce decree against Judy Haymaker ("Wife").  For the following reasons, we vacate and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          The parties married in 1990.  Husband brought two properties into the marriage, one in Mesa, Arizona ("Mesa Property"); and one in Roosevelt, Arizona ("Roosevelt Property").  Husband maintained the Mesa Property as his sole and separate property until May 2000, when he transferred the property to Wife and himself, as joint tenants with a right of survivorship.

¶3          In October 2002, Wife petitioned for dissolution of marriage. Four days after filing the petition, the parties transferred the Mesa Property to the newly formed "Haymaker Family Trust," which listed both Husband and Wife as trustees.  Almost five months later, the parties entered the decree of dissolution ("Decree").  Section 6d(A) of the Decree described the Roosevelt Property and "Awarded" it to Wife as her "sole and separate Property."  And Section 6d(B) of the Decree described the Mesa Property and "Awarded" it to Husband as his "sole and separate property."  The superior court approved the Decree.

¶4          For the next 18 years, the parties continued to live together in the Mesa Property.  During that time, Wife, as trustee of the Haymaker Family Trust, transferred 50% ownership of the Mesa Property to her own personal trust.  Then, in the early days of the COVID-19 pandemic, the parties left Mesa to isolate at the Roosevelt Property together.  Later, Husband returned to the Mesa Property.

¶5          About 16 months later, Husband's attorney sent Wife a letter demanding that she sign a quit-claim deed to remove her from the Mesa Property.  Wife refused, and Husband petitioned to enforce the Decree. Wife did not file a response.  The superior court set an evidentiary hearing

to decide how the Decree distributed the Mesa Property. The superior court held that the "consent decree, on its face, awards the Mesa Property to" Husband, but that "given the circumstances, the terms of the [Decree] which awarded the entirety of the Mesa Property to [Husband] is unenforceable."

¶6　　　　Husband moved to alter or amend the order. The court denied the motion, affirming its earlier ruling and concluding Wife's "pre-trial statement raised a litany of equitable issues" enabling it to review the equities of enforcing the Decree as written. Husband appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7　　　　We review the superior court's ruling on a post-decree petition for an abuse of discretion. *In re the Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011). "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." A.R.S. § 25-327(A).

¶8　　　　Husband asserts that the superior court "exceeded its authority" in denying his petition to enforce, asserting that "it is unclear what statute, appellate opinion, common law principle, or equitable doctrine ostensibly empowered the Trial Court to declare the Decree unenforceable." In response, Wife argues that "Rule 85 gives the trial court authority to refuse to enforce a decree where circumstances have changed."

¶9　　　　Arizona Rule of Family Law Procedure ("Rule") 85(b) contains the "conditions justifying the reopening of a judgment." *Schmidt v. Schmidt*, 158 Ariz. 496, 498 (App. 1988) (stating Rule 85's predecessor outlines the conditions justifying the reopening of a property distribution decree). Rule 85(b) allows the superior court to exercise its equitable power to reopen a decree that is no longer equitable. *Edsall v. Superior Court*, 143 Ariz. 240, 243 (1984); *Webb v. Erickson*, 134 Ariz. 182, 186 (1982) (analyzing the exercise of equitable power under Rule 85(b)(6)'s predecessor).

¶10　　　Nowhere in either order does the superior court mention Rule 85(b), but if Rule 85(b) prompted the decision, the superior court erred. Rule 85(b) authorizes a court to set aside or otherwise grant relief from a judgment under appropriate circumstances but does not authorize a court to simply refuse to enforce a judgment that has not been set aside. Rule 85(b) states, "*[o]n motion* and such terms as are just, the court may relieve a party or its legal representatives from a judgment." *See Moore v. DaSilva*, 1 CA-CV 22-0557 FC, 2023 WL 3243471, at *2, ¶ 11 (Ariz. App. May 4, 2023)

(mem. decision) (quoting Rule 85(b)(6)). Wife never moved for relief under Rule 85(b), either before, during, or after the evidentiary hearing. While Wife argued that her "next step" would be to file a "motion for relief from judgment," that never occurred. Because Wife did not file a Rule 85 motion, and the superior court did not set aside or vacate the judgment, the superior court erred by denying the petition to enforce the Decree.

**¶11** Equitable defenses are available in response to a petition to enforce. *See Ray v. Mangum*, 163 Ariz. 329, 332 (1989) (allowing equitable defenses to a petition to collect child support arrearages); *Coburn v. Rhodig*, 243 Ariz. 24, 27, ¶ 13 (App. 2017) (allowing equitable defense against a petition to enforce spousal maintenance decree). "Every defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required." Rule 29(a); *Buckholtz v. Buckholtz*, 246 Ariz. 126, 133, ¶ 26 (App. 2019) (quoting Rule 29's predecessor rule).

**¶12** Wife argues that she "did not have an obligation to affirmatively plead for equitable relief or equitable defenses" under Rule 29. Wife correctly notes that she did not have to file a responsive pleading to preserve her defenses. *See* Rule 23(f)(2) (stating a response to a petition to enforce is discretionary). "If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim." Rule 29(b). Rule 29 also outlines three ways to preserve "a legal defense to a claim." *See* Rule 29(g) (stating respondents may raise defenses "in any pleading allowed or ordered under Rule 23; . . . by a motion under this rule; or . . . at trial"). The Rules do not require Wife to raise her equitable defenses in a responsive pleading, but she must raise her equitable defenses at trial, at the latest. *See* Rule 29(b), (g); *Buckholtz*, 246 Ariz. at 133, ¶ 26.

**¶13** *Buckholtz* informs our resolution of this case. In *Buckholtz*, the parties signed a separation agreement and quit-claim deed to divide their property and debts, which stated husband would remain in the marital home and wife would retain her retirement account. 246 Ariz. at 128, ¶ 2. Husband then refinanced the home and gave half the equity to wife, three years later husband petitioned for dissolution of marriage. *Id.* at ¶¶ 3-6. At an evidentiary hearing, husband argued the separation agreement "unfairly and inequitably divided" the parties' assets. *Id.* at ¶ 6. The superior court held the equitable defenses of laches, ratification, and detrimental reliance rendered the separation agreement enforceable. *Id.* at 133, ¶ 25. We disagreed, reasoning that wife "did not assert or argue equitable defenses to [h]usband's claims before the superior court." *Id.* at ¶ 26. We noted that

wife's reliance on the parties' agreement was insufficient to assert an equitable defense. *Id.* at ¶ 26 n.6.

**¶14** Wife filed a pretrial statement prior to the evidentiary hearing, but the pretrial statement does not mention equitable defenses. Instead, the pretrial statement argues that the Decree awards the Mesa Property to both parties and their later actions evidenced this intent. Wife continued this theme throughout the evidentiary hearing, arguing the parties' subsequent conduct showed an intent to share the Mesa Property. Wife now argues that she produced evidence "that supported her claim that the decree was no longer equitable to enforce," but Wife did not make that claim during the evidentiary hearing. Instead, until her response to Husband's post-trial motion to amend the ruling, Wife maintained her evidence proved that the Decree awarded both parties the Mesa Property.

**¶15** After the superior court noted that, on its face, the Decree awarded the Mesa Property to Husband, Wife briefly argued that the distribution favored Husband and "doesn't look equitable at all." This statement was insufficient to assert an equitable defense. *See Buckholtz*, 246 Ariz. at 133, ¶ 26 n.6; *Reed v. Hinderland*, 135 Ariz. 213, 215 (1983) ("An affirmative defense must be both pleaded and proved."). Wife failed to argue or prove any equitable defenses either before or during trial, as required by Rule 29(b) and (g). Thus, we vacate the portion of the superior court's order denying Husband's petition to enforce the Decree and remand for the superior court to grant the petition.[1]

**¶16** Husband requests attorney fees on appeal. *See* A.R.S. § 25-324(A); ARCAP 21. Both parties presented reasonable positions and the parties' relative financial resources do not favor the award of attorney fees. A.R.S. § 25-324(A); *see Magee v. Magee*, 206 Ariz. 589, 592, ¶ 17 (App. 2004) (observing that courts should consider "the resource disparity between the parties, the ratio of the fees owed to the assets and/or income of each party, and other similar matters" in deciding whether to award fees). In the exercise of our discretion, we decline to award attorney fees. But as the prevailing party, we award Husband's costs upon compliance with ARCAP 21.

---

[1] We take no position on whether Wife may assert any claims for reimbursement or contribution related to post-Decree proceedings.

**CONCLUSION**

¶17     For the above-stated reasons, we vacate the ruling of the superior court declining to enforce the Decree and remand for the superior court to grant Husband's petition to enforce the Decree.

